IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN JACKLIN,

        **Petitioner,**

v.

        Case No. 3:22-CV-671-NJR

THOMAS LILLARD,

        **Respondent.**

# ORDER FOR SUPPLEMENTAL BRIEFING

**ROSENSTENGEL, Chief Judge:**

Petitioner Ryan Jacklin, an inmate of the Federal Bureau of Prisons ("BOP") currently housed at Federal Correctional Institution Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the BOP's calculation of his sentence. (Doc. 1). Specifically, Jacklin asks the Court to credit him for additional time that he served in custody that was not attributed to either his state or federal sentence. (*Id.*).

Upon review of the record and the parties' briefing, the Court is troubled by Respondent's assertion that all of Jacklin's time spent in the custody of the U.S. Marshals Service (USMS) was time served toward his state sentence. On March 23, 2017, Jacklin was sentenced by the Circuit Court of Washington County, Illinois, to a term of two years' imprisonment on two counts, to run concurrently. (*Id.* at pp. 3, 15). The Judgment specifically provided that the sentences would be served at 50% pursuant to 730 ILCS 5/3-6-3 and that Jacklin would receive 75 days of credit for time served. (*Id.* at p. 23). Imposition of Jacklin's sentence was delayed one day to March 24, 2017. (*Id.*).

One month later, on April 24, 2017, Jacklin was taken into temporary USMS

custody pursuant to a federal writ of habeas corpus *ad prosequendum* in Case No. 4:17-CR-40026-JPG. Jacklin was admitted to the Saline County Detention Center that same day. (Doc. 8-1 at p. 29). Senior Judge J. Phil Gilbert sentenced Jacklin on September 19, 2018, and the Judgment indicates that Jacklin was to be committed to the custody of the Bureau of Prisons. Case No. 17-CR-40026-JPG, Doc. 54. Jacklin then remained at the Saline County Detention Center until January 18, 2019, when he was moved to the Marion County Jail and then to FCI Greenville. (Doc. 8-1 at p. 29). In total, Jacklin was at the Saline County Detention Center for 634 days. (*Id.*).

At the same time, Jacklin's Offender Custody History from the Illinois Department of Corrections' Offender Tracking System shows that Jacklin was admitted into IDOC custody on his Washington County sentence (even though he remained at the Saline County Detention Center) on December 26, 2018, and paroled on January 9, 2019. (Doc. 8-1 at p. 43). The BOP thus computed Jacklin's federal sentence to begin on January 9, 2019. (*Id.* at p. 50).

Something does not add up. If Jacklin was truly serving his Illinois state sentence the entire time he was in USMS custody on his federal writ, then he served 657 days on his state sentence (March 24, 2017, to January 9, 2019). But, by statute, Jacklin was to serve only 50 percent of his two-year sentence. Additionally, the Washington County Court found that Jacklin was to receive 75 days of credit for his time served in state custody, for a total sentence of 290 days.

The Court also questions why Jacklin remained in USMS custody on a writ after he was sentenced. The USMS's Physical Custody Status History shows that he was in

USMS custody from April 24, 2017, to September 26, 2018, on "WT-CASE-RESOLVE." (Doc. 8-1 at p. 29). He then moved to "WT-DESIG" from September 26, 2018, to January 16, 2019. Was Jacklin was no longer on a writ of habeas corpus *ad prosequendum* beginning September 26, 2018? If Jacklin remained in USMS custody while he was being designated to a BOP facility and was not returned to Illinois to serve his state sentence, did the State of Illinois truly have primary custody over him?

In sum, additional information is required to determine whether Jacklin is entitled to relief under 28 U.S.C. § 2241. The Court **ORDERS** Respondent to provide supplemental briefing on the computation of Jacklin's sentence, specifically addressing the above questions and whether the State of Illinois retained primary custody over Jacklin throughout his entire stay at the Saline County Detention Center. If so, what prompted the IDOC to consider him "admitted" on his Washington County case on December 26, 2018? (*See* Doc. 8-1 at p. 43). Furthermore, if Jacklin remained in Illinois state custody longer than his Washington County sentence provided for, is a habeas petition under § 2241 the appropriate remedy?

To the extent Petitioner Jacklin has additional information regarding these questions, he may also submit a supplemental brief. All briefing shall be filed on or before **July 29, 2024**.

      **IT IS SO ORDERED.**

      DATED:   June 28, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**